MORIAL, Judge.
On August 6, 1973 at approximately 6:30 A.M., plaintiffs, Felipe, Maria and Jose *651 Herrera, were involved in a vehicular collision with a truck owned by defendant, Southern Scrap Company, at the intersection of Gentilly and DeSaix Boulevards in the City of New Orleans. At the time of the accident, the Herrera vehicle was being driven in a southerly direction on Gentilly Boulevard by Jose Herrera while the defendant vehicle was being driven in an easterly direction on DeSaix Boulevard by L. B. Joseph Boudreaux, an employee of Southern Scrap Company. As both vehicles approached this extremely complex intersection involving multiple roadways and multiple traffic lights,[1] the accident occurred which resulted in plaintiffs suffering serious personal injury and property damage. Both parties claimed to have the right of way at the time of the accident.
As a result of the accident, plaintiffs sued Southern Scrap Company and its insurer, Continental Insurance Company. After trial on the merits, the district court, with written reasons, rendered judgment in favor of defendants and against plaintiffs, dismissing plaintiffs’ suit at their cost. Plaintiffs appeal alleging the trial court judgment to be against the weight of the evidence. We affirm.
At the trial, Felipe and Maria Herrera testified that prior to the accident they had been stopped at a red light on Gentilly Boulevard and when the light changed their vehicle started forward and was immediately struck on the right side by defendant vehicle which had run the red light on De-Saix Boulevard. Plaintiff-driver, Jose Herrera, did not testify due to an illness, but the Herreras’ testimony was corroborated by two eyewitnesses to the accident. These witnesses, who were at the time of the accident each standing at different bus stops in and around the intersection, testified that from their vantage points it appeared the Herrera vehicle had the green light.
Two witnesses testified in support of defendants’ claim that its vehicle possessed the right of way. Defendants’ driver, Mr. Boudreaux, testified that he saw a green light facing him about 300 feet from the intersection and that at this time he also observed two vehicles stopped in obedience to the red traffic signal on Gentilly Boulevard. He stated he slowed slightly as he proceeded and as he entered the intersection the Herrera vehicle, which had not been one of the two vehicles previously stopped at the light, ran the light and the accident occurred. Boudreaux’s testimony was essentially corroborated by the testimony of Bruce Betzer, a driver of one of the two vehicles stopped at the intersection. Although Mr. Betzer was somewhat confused as to which vehicle had been traveling on which street, he was unequivocal in stating that the vehicle on Gentilly Boulevard had failed to obey the traffic signal and that the DeSaix Boulevard vehicle had the right of way.
After listening to all the witnesses, the trial judge concluded “that the accident most likely happened as described by the defendant driver, Boudreaux” and, therefore, dismissed plaintiffs’ suit. The trial judge was obviously impressed by defendants’ witnesses and believed that the evidence preponderated in favor of their version of the accident even though two eyewitnesses testified the Herrera vehicle had the green light. After our careful review of the record in light of the principle that determinations of credibility of witnesses are within the province of the trial judge, we cannot say that his conclusion is manifestly erroneous.
The judgment of the district court is affirmed.

AFFIRMED.

. The trial judge noted in his “Reasons for Judgment” that one witness testified the intersection contained 22 traffic signals.